Filed 6/2/15  P. v. Velasquez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. RUBEN JOSEPH VELASQUEZ, Defendant and Appellant. | F068785 (Super. Ct. No. MF10468A) **OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  John S. Somers, Judge.

Donn Ginoza, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Cornell, J. and Gomes, J.

A jury convicted Ruben Joseph Velasquez of possession of a sharp instrument while confined in a state prison. (Pen. Code, § 4502, subd. (a).)[1]  After he waived his right to a jury on the enhancement allegations, the trial court found Velasquez had suffered eight prior convictions that constituted a strike within the meaning of section 667, subdivisions (b) through (i), and had suffered a prior conviction that resulted in a prison sentence within the meaning of section 667.5, subdivision (b).  Velasquez was sentenced to the prescribed term of 25 years to life plus one year.[2]

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 stating that after reviewing the record, he did not identify any arguable issues.  By letter dated June 2, 2014, we invited Velasquez to submit additional briefing.  Velasquez did not respond to our invitation.

After review of the record we agree with appellate counsel that there are no arguable issues in this case and will affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

Velasquez was charged with possession of a sharp instrument while confined in a state prison.  (§ 4502, subd. (a).)  The information also alleged the enhancements described in the introduction.

Correctional Officer Ryan Curliss testified that on the day in question he was processing inmates at the California Correctional Institution, Tehachapi.  Velasquez was one of those inmates.  As with all of the inmates, Curliss conducted an unclothed body search of Velasquez.  Nothing unusual was found during the search.  Curliss then had Velasquez walk through a metal detector.  The alarm sounded and the lights activated, indicating metal in Velasquez's waist area.  Velasquez then was placed in a cell with a

---

[1]All further statutory references are to the Penal Code unless otherwise stated.

[2]According to defense counsel, Velasquez already was serving a sentence of 200 years to life for his prior crimes.

portable toilet; Curliss observed Velasquez while Velasquez sat on the toilet. When Velasquez announced, "It's out," Velasquez was removed from the cell. Curliss found a plastic bindle approximately five inches long and one inch wide in the toilet. After cleaning the bindle, Curliss opened it and discovered a piece of metal approximately four and one-half inches long and one-half inch wide. The piece of metal was sharpened to a point on one end. The object was described as a "stabbing weapon" by the prosecution's expert witness.

Velasquez testified and admitted he had the metal weapon in his rectum. He stated he was transporting the item for a gang member and did not know what was in the package. He also testified he expected some type of payment for transporting the item. Velasquez also admitted that when questioned by Curliss about why the metal detector activated, Velasquez said, "I have an aluminum piece up my ass."

The jury found Velasquez guilty of the charged crime. He waived his right to a jury trial on the priors alleged in the information. The trial court found the allegations true. The trial court sentenced Velasquez to the mandatory sentence of 25 years to life pursuant to section 667, subdivision (e)(2)(A)(ii), plus one year for the prison term enhancement.

## DISCUSSION

This was a simple trial—only one count and four witnesses. After a thorough review of the record, we did not find any appealable issues. The evidence and instructions were straightforward, and the sentence was mandated by statute because of Velasquez's eight prior strike convictions.

## DISPOSITION

The judgment is affirmed.